■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY GRIMALDI, Respondent. [618 NYS2d 337] —Order, Supreme Court, New York County (Jeffrey Atlas, J.), entered on or about June 7, 1993, which granted defendant's motion to dismiss the indictment for failure to comply with CPL 30.30, unanimously reversed, on the law, and the indictment reinstated.

On December 15, 1992, defendant failed to appear, as scheduled, to be arraigned on the within indictment and the court was informed only that an unidentified person had called in and said that the defendant could not appear because of illness. The court thereupon issued a bench warrant.

Contrary to the motion court, we find that the 35 day period following the issuance of the warrant before its receipt by the warrant squad was a reasonable administrative delay rather than a result of a lack of due diligence and should not be charged to the prosecution *(see, People v Marrin,* 187 AD2d 284, 286, *lv denied* 81 NY2d 843).

Moreover, we find that the 21 day period between April 26, 1993, when defendant sent word via his attorney that he could not appear because of a 103 degree fever, and the adjourned date of May 17, 1993, should also be excluded. Finally, the period between May 17, 1993, when counsel announced her intention of filing a speedy trial motion on defendant's behalf and the court set a motion schedule, and June 7, 1993, the date of the dismissal, should also be excluded.

Taking these excludible periods into account, it is clear that the People's time to announce their readiness had not yet expired on the date of dismissal. The indictment should therefore be reinstated. Concur—Murphy, P. J., Ellerin, Ross, Nardelli and Williams, JJ.